IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| LISA LIZOTTE (INDIVIDUALLY AND AS THE PARENT AND NATURAL GUARDIAN OF WALTER LIZOTTE) | * * | |
| Plaintiff, | * | CASE NO.: 2:18-cv-01389 |
| v. | * | |
| MICHAEL FINLEY, SHERIFF FAYETTE COUNTY SHERIFF'S DEPT 100 CHURCH ST. FAYETTEVILLE, WV 25840 | * * | JUDGE: _____ MAGISTRATE: _____ |
| and | * | COMPLAINT FOR MONEY DAMAGES |
| DEPUTY, JOSEPH A. YOUNG FAYETTE COUNTY SHEIFFS OFFICE 100 CHURCH ST. FAYETTEVILLE, WV 25840 | * * | JURY TRIAL REQUESTED |
| and | * | |
| DEPUTY, STEVE K. NEIL FAYETTE COUNTY SHERIFFS OFFICE 100 CHURCH ST. FAYETTEVILLE, WV 25840 | * * | |
| and | * | |
| STEVE KESSLER FORMER FAYETTE COUNTY SHERIFF 100 CHURCH ST. FAYETTEVILLE, WV 25840 | * * | |
| DEFENDANTS. | | |

**COMPLAINT FOR MONEY DAMAGES**

**INTRODUCTION**

Plaintiff Lisa Lizotte of Fayette County, West Virginia, hereby asserts the following claims against the defendants in the above entitled action:

(1) violation of 42 U.S.C. 1983: arrest

(2) violation of 42 U.S.C. 1983: excessive force

(3) violation of 42 U.S.C. 1983: detention and confinement

(4) violation of 42 U.S.C. 1983: conspiracy

(5) violation of 42 U.S.C. 1983: refusing or neglecting to prevent

(6) violation of 42 U.S.C. 1983: malicious prosecution and abuse of process

(7) state law claim: false arrest and imprisonment

(8) state law claim: assault and battery

(9) state law claim: malicious prosecution and malicious abuse of process

(10)   state law claim: intentional infliction of emotional distress

(11)   state law claim: negligence

**JURISDICTION**

1. Jurisdiction of this court arises under 28 U.S.C. sections 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. sections 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction for the pendent claims is authorized by F.R.Civ.P.18(a) and arises under the doctrine of pendant jurisdiction as set forth in <u>United Sates Mine Workers v. Gibbs,</u> 383 U.S. 715 (1966).

**PARTIES**

3. Plaintiff Liza Lizotte is a natural person residing at 6918 Sewell Creek Road, Meadow Bridge, West Virginia 25976. Plaintiff was a resident of Fayette County, West Virginia, during all relevant times of this action.

4. Defendant Sheriff's Deputy S.K. Neil and Sheriff's Deputy J.A. Young are natural persons and at all times relevant hereto were employees of the Fayette County Sheriff's Office 100 Church Street, Fayetteville, West Virginia 25840 at all times relevant to this Complaint.

5. Defendant Michael Finley is natural person and employee of the Fayette County, West Virginia, Sheriff's Office. At all times relevant herein he and/or his predecessors in office were responsible for the policies, procedures, and practices implemented through the Sheriff's Department's various agents, departments, and employees, and for injury occasioned thereby. He and/or his predecessor in office was also the supervisor and employer of Defendant Sheriff's Deputies Steve Neal and Joseph Young at the time of the actions which gave rise to the Complaint.

6. Plaintiff sues all public employees in their official and individual capacitates.

7. At all times material to this Complaint, Defendants Neal and Young, the Fayette County Sheriff and the Fayette County Sheriff's Department acted toward the Plaintiffs under color of statutes, ordinances, customs, and usage of the State of West Virginia, Fayette County, West Virginia, and the Fayette County Sheriff's Office.

## FACTS

8. Plaintiff repeats and incorporates by reference the allegation in paragraph 1-8 above with the same force and effect as of herein set forth.

9. On the early morning of October 28, 2016 Lisa Lizotte and her son Walter Lizotte were inside their home at 6918 Sewell Creek Road, Meadow Bridge WV 25976.

10. At and around 2:00 am on October 28, 2016 Defendants Neal and Young came to the front door of the Lizotte home and demanded entry.

11. The officers had no warrant and no probable cause to enter the Lizotte home.

12. Plaintiff Lisa Lizotte stood in the door of her home and denied the officers permission to enter her home.

13. Officer Young, according to his own report then directed Ms. Lizotte to "step back and stop interfering with (his) investigation."

14. Ms. Lizotte continued to deny the officers permission to enter her home without a warrant.

15. Officer Young assaulted Ms. Lizotte by pushing and knocking her to the floor.

16. Officer Young "…. [T]hen placed Ms. Lizotte in handcuffs to detain her so that (he) could continue (his) investigation however she continued to refuse to comply with (illegal and unconstitutional) direction at which time [he] placed her in the back of (his) patrol car and advised her that she was now under arrest."

17. Ms. Lizotte's minor child Walter Lizotte was present for, observed, and was traumatized by all of these events.

18. While Ms. Lioztte was handcuffed in the back seat of the patrol car she was assaulted by Deputy Steve Neal who sprayed "OC" spray into her face and the faces of two other arrestees all three of whom were handcuffed in the back seat.

19. UPON INFORMATION AND BELIEF Officer Young drove his vehicle at excessively high rates of speed between Meadow Bridge and the Southern Regional Jail thus endangering the life and health of Ms. Lizotte.

20. At some point during the trip from Meadow Bridge to the Southern Regional Jail Officer Young stopped his patrol car along the side of the road to "explain the importance of compliance" to one of the other occupants of back seat after removing that occupant from the vehicle.

**CAUSES OF ACTION**

**COUNT 1: VIOLATION OF 42 USC 1983; ARREST**

21. Plaintiff repeats and incorporates by reference the allegations in par. 1 to 20 above with the same force and effect as if herein forth.

22. At all time relevant herein, the conduct of the Defendants was subject to 42 USC 1983, 1985, 1986, and 1988.

23. Acting under the color of law, Defendants worked a denial of Plaintiff Lisa Lizotte's rights, privileges and immunities as secured by the U.S. Constitution and Federal Law, by depriving Plaintiff of her liberty and taking

her into custody and holding her there against her will without probable cause.

24. On October 28, 2016, Defendants Young and Neal entered onto the land belonging to Plaintiff Lisa Lizotte and arrested her on charges of obstructing justice, assault on a police officer and disorderly conduct even though she was actually the one who ended up being violently assaulted by the arresting officers.

25. Defendants Young and Neal swore out and wrote reports and a complaint against the Plaintiff alleging the crimes stated above.

26. The charges were without merit and were dismissed.

27. The arrest of Plaintiff by Defendants Young and Neal was without reasonable grounds for the Defendants to believe that Plaintiff had committed the offenses charged. The Defendants knew quite well that they were without probable cause to arrest Plaintiff, as they were the ones who committed assault against Plaintiff traumatizing her and her son Walter who witnessed and was traumatized by their tortious actions.

28. The Fayette County Sherriff and Fayette County Sheriff's Department failed to train and supervise his/its Defendant employees adequately to prevent such blatant miscarriages of justice.

29. As a result of Defendants' concerted and malicious actions in arresting Plaintiff Lisa Lizottee, Plaintiff was deprived of liberty without due process of law and equal protection of the law under the Forth, Fifth, and Fourteenth Amendments of the US Constitution and 42 USC 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all of the Defendants jointly and several, for actual, special, and compensatory damages in the amount of $2,000,000 and further demands punitive damages against the Defendants, jointly and severally, in the amount of $5,000,000, plus the costs of this action, including attorney fees, and such other relief deemed to be just and reasonable.

**COUNT 2: VOILATION OF 42 USC 1983: EXCESSIVE FORCE**

30. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1-29 with the same force and effect as if herein set forth.

31. Plaintiff Lisa Lizotte, a middle-aged woman with many health problems, simply sought to exercise her constitutional right to be free from unreasonable warrantless search and seizure of her person and property when she was subjected to unjustified force leading to her arrest.

32. Plaintiff Lisa Lizotte was sprayed in the face with "OC Spray" while hand cuffed and secured in the backseat of a patrol car along with two male arrestees.

33. As a result of their use of excessive force in handcuffing Lisa Lizotte, forcing her into the back seat of a police cruiser with two males, and spraying OC spray into her eyes, nose, and mouth, Defendants Young and Neal deprived Plaintiff of her right to liberty without due process of law and her right to equal protection under the laws, and the due course of justice was impeded in violation of the Fourth, Fifth, and Fourteenth Amendments to the US Constitution as well as 42 USC 1983.

34. The use of excessive force violated Plaintiff's Eight Amendment protection from cruel and unusual punishments.

WHEREFORE, Plaintiff demands judgment for the excessive force used by Defendants in arresting her against all of the Defendants jointly and severally, for actual, special, and compensatory damages in the amount of $2,000,000 and further demands punitive damages against the Defendants, jointly and severally, in the amount of $5,000,000, plus the cots of this action, including attorney fees, and such other relief deemed to be just and reasonable.

**COUNT 3: 42 US 1983: DETENTION AND CONFINEMENT**

35. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 to 34 above with the same force and effect as if herein set forth.

36. As a result of the concerted unlawful and malicious detention and confinement of the Plaintiff Lisa Lizotte, Defendants Young and Neal, the Fayette County Sheriff's Department, and deprived Plaintiff Liza Lizotte of her right to be secure against unreasonable seizure, deprivation of liberty without due process of law, and her right to equal protection of the laws under the Fourth, Fifth, and Fourteen Amendments to the US Constitution. This unlawful and malicious detention deprived the Plaintiff of her Eight Amendment right to be free of cruel and unusual punishments, as well.

WHEREFORE, Plaintiff demands judgment for her unlawful detention and confinement against all the Defendants jointly and severally, for actual, special, and compensatory damages in the amount of $2,000,000, and further

demands punitive damages against the Defendants, jointly and severally, in the amount of $5,000,000, plus the costs of this action, including attorney fees, and other such other relied of deemed to be just and reasonable.

**COUNT 4: VOILATION OF 42 US 1983: CONSPIRACY**

37. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1-36 above with the same force and effect as if herein set forth.

38. As a result of the concerted and malicious conspiracy of Defendants Young and Neal, Plaintiff was deprived of her liberty without due process of law and her right to equal protection of the laws, her right to be free of cruel and unusual punishments, and his right to be free of unreasonable seizure, in violation of the Fourth, Fifth, Eight, and Fourteenth Amendments to the US Constitution and 42 US 1983 et seq.

WHEREFORE, Plaintiff demands judgment for conspiracy leading to her illegal arrest, beating, and detention against all of the Defendants jointly and severally, for actual, special, and compensatory damages in the amount of $2,000,000, and further demands punitive damages against the Defendants, jointly and severally, in the amount of $5,000,000, plus the costs of this action, including attorney fees, and such other relied deemed to be just and reasonable.

**COUNT 5: VIOLATION OF 42 US 1983: REFUSING AND NEGLECTING TO PREVENT**

39. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1-38 above with the same force and effect as if herein set forth.

40. At all times relevant to this Complaint, Defendants Young and Neal as the Fayette County Sheriff's Department were acting under the direction and control.

41. Acting under color of law pursuant to official policy or custom, Defendants Young and Neal negligently, recklessly, or intentionally inflicted unreasonable and severe punishment upon Plaintiff. Defendants Young and Neal and the Fayette County Sheriff's Department unlawfully and maliciously arrested, confined, and prosecuted a citizen who at the time of arrest, was acting in accordance with her constitutional and statuary rights, privileges, and immunities. All of the Defendants conspired to violate the rights, privileges, and immunities guaranteed to the Plaintiff by US Constitution and the laws of the United States and the State of West Virginia.

42. Defendants Young, Neal, and the Fayette County Sheriff's Department had knowledge of, or (had they diligently exercised their duties to instruct, supervise, and control their own actions and actions of their agents) should had knowledge that the wrongs conspired to be done were about to be committed. Each Defendant had the power to prevent or aid in preventing the commission of said wrongs and could have done so by reasonable diligence and self-resistant. Instead, they intentionally, knowingly, recklessly, or negligently, failed to do so.

43. As a direct and proximate cause of the negligent, reckless, or intentional acts of each and all of the Defendants, Plaintiff suffered severe physical injury in the form of eye pain from the OC spray, dental injury, and severe mental

anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Forth, Fifth, Sixth, Eight, and Fourteenth Amendments to the Constitution and protection by 42 US 1983.

WHEREFORE, plaintiff demands judgment against all of the Defendants jointly and severally, for actual, special, and compensatory damages in the amount of $2,000,000, and further demands punitive damages against the Defendants, jointly, and severally, in the amount of $5,000,000, plus the costs of this action, including attorney fees, and such other relief deemed to be just and reasonable.

### COUNT 6: VIOLATION OF 42 US 1983: MALICIOUS PROSECUTION AND ABUSE OF PROCESS

44. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1-43 above with the same force and effect as if herein set forth.

45. At all times relevant to this Complaint, Defendants Young and Neal, as Sheriff's Office Deputies, and the Fayette County Sheriffs Department, played an active part in instituting criminal proceedings against Plaintiff by arresting and charging her with obstructing justice assault on a police officer and disorderly conduct.

46. The charges were not based on probable cause:
    a. Plaintiff was, immediately prior to her arrest, located within the confines of her own home located in Fayette County, West Virginia;

47. The criminal proceeding ended favorably for the Plaintiff, in that the charges were utterly without merit and were dismissed.

48. Defendant Fayette County Sheriff and Defendant Fayette County Sheriff's Department is vicariously liable for the unlawful acts of their agents, and in that he/they did not supervise or train them properly.

WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally for actual, special, and compensatory damages in the amount of $2,000,000, and further demands punitive damages against the Defendants, jointly and severally, in the amount if $5,000,000, plus the cost of this action, including attorney fees, and such other relief deemed to be just and reasonable.

### COUNT 7: STATE CLAIM: FALSE ARREST/IMPRISONMENT

49. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1 to 48 above with the same force and effect as if herein set forth.

50. At all relevant times herein, the Defendants acted with the intention of confining Plaintiff within fixed boundaries, the act resulted in confinement, and Plaintiff was conscious of the confinement.

51. Defendants Young and Neal imposed by brutal force an unlawful restraint upon Plaintiffs freedom of movement to wit, by spraying her with OC spray, handcuffing her after forcing her to the floor of her home, placing her in the back seat of a cruiser with two males, (on information and belief) driving said cruiser at a dangerously high rate of speed on secondary roads between Meadow Bridge, WV and the Southern Regional jail and causing her great pain and discomfort.

52. As a result, Plaintiff suffered great harm and damages including but not limited to the aforesaid damages.

53. The Fayette County Sheriff's Department is a liable supervisor of the offering Defendants, having failed in training, supervising, and discipling and charging his Defendant agent to prevent future occurrence of such incidents. WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally for actual, special, and compensatory damages in the amount of $2,000,000, and further demands punitive damages against the Defendants, jointly and severally, in the amount of $5,000,000, plus the costs of this action, including attorney fees, and other such relief deemed to be just and reasonable.

54. The Fayette County Sheriff and Fayette County Sheriff's Department are liable supervisors of the offending Defendant Deputies, having failed in training, supervising, and discipling and charging his/their Defendant agent to prevent future occurrence of such incidents.

**COUNT 8: STATE CLAIM: ASSAULT AND BATTERY**

55. Plaintiffs repeats, realleges, and incorporates by reference the allegations in paragraphs 1-54 above with the same force and effect as if herein set forth.

56. Plaintiff Lisa Lizotte is a reasonable person Defendant Young and Neal assaulted Plaintiff by forcing her to the floor of her home, handcuffing her, placing her in the back seat of a cruiser with two males, and spraying her face and eyes with OC spray causing great pain and discomfort.

57. Defendants Fayette County Sheriff and Fayette County Sheriff's Department are liable for the acts of his/their agents, in that they neglected to properly train, and supervise their deputies to avoid such an egregious infraction of duty.

WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally for actual, special, and compensatory damages in the amount of $2,000,000, and further demands punitive damages against the Defendants, jointly and severally, in the amount of $5,000,000, plus the costs of this action, including attorney fees, and such other belied deemed to be just and reasonable.

### COUNT9: STATE CLAIM: MALICIOUS PROSECUTION AND ABUSE OF PROCESS

58. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1-60 above with the same force and effect as if herein set forth.

59. Defendants Young and Neal played an active part in the initiation of the criminal proceedings by arresting and causing Plaintiff's false imprisonment.

60. Defendants Young and Neal signed a complaint and reports against Plaintiff.

61. The charges were not based on probable cause, that is, the state of the facts in the mind of the prosecutor (assuming the facts had been completely and truthfully presented by the arresting officers) would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff was guilty:

    a. Plaintiff was immediately prior to her arrest located within the confines of her own home located in Fayette County, West Virginia.

    b. At no time did Plaintiff pose any threat to the deputies, especially in view of her age and her poor health condition.

    c. All charges against the Plaintiff were known by the deputies to be without merit.

62. The criminal proceeding ended favorably for the Plaintiff, in that the charges were dismissed.

63. The Defendants maliciously used a legal process against the Plaintiff to accomplish an ulterior purpose-namely, to cover up and get away with a blatant and violent violation of her Constitutional and Statuary rights.

64. The Fayette County Sheriff and Fayette County Sheriff's Department is vicariously liable for the unlawful acts of his/their agents, because he/they did not supervise or train them properly and failed to properly discipline or charge them for their misconduct.

WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally for actual, special, and compensatory damages in the amount of $2,000,000, and further demands a punitive damage against the Defendants, jointly, severally, in the amount of $5,000,000, plus the cots of this action, including attorney fees, and other such relief deemed to be just and reasonable.

### COUNT 10: STATE LAW CLAIM: NEGLIGENT, RECKLESS, OR INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

65. Plaintiff repeats, realleges, and incorporates by reference the allegations in paragraphs 1-64 above with the same force and effort as if herein set forth.

66. Defendants intentionally and deliberately, recklessly, or negligently, inflicted severe emotional distress on Plaintiff along with the accompanying severe physical harm she suffered, by forcing her to the floor of her own house, hand cuffing her, spraying her eyes. Finally, Plaintiff was forced to endure a criminal proceeding which ultimately ended with a dismissal of all charges. The Defendants conspired against her by attempting to cover up their illegal action's by bringing illegitimate criminal charges. In doing so, they violated her civil rights under the Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the US Constitution.

67. As a result of this protracted process, which was extreme and outrageous, and during which Plaintiff was completely at the mercy of the authorities the Plaintiff suffered extreme distress.

68. As a result of this protracted process, which was extreme and outrageous, and during which Plaintiff was completely at the mercy of the authorities the Plaintiff's child Walter Lizotte suffered extreme distress from being forced to observe and endure his mother's maltreatment at the hands of uniformed and armed police officers.

69. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decent and civilized behavior.

70. The actions of Defendants were the cause of the Plaintiff's distress.

71. Plaintiff is a reasonable woman.

72. The emotional distress Plaintiff suffered was of a nature no reasonable person should be expected to endure.

73. The emotional distress Plaintiff's child suffered was of a nature no reasonable person should be expected to endure.

74. The Fayette County Sheriff and Fayette County Sheriff's Department is liable under the doctrine of respondeat superior and for his/their failure to prevent this breach of duty toward the Plaintiff and her child.

75. As a result of this extreme and outrageous conduct on the part of the Defendants, Plaintiff and her child have suffered and will continue to suffer and require treatment for their severe emotional distress.

WHEREFORE, Plaintiff demands judgment against all of the Defendants jointly and severally for actual, special, and compensatory damages in the amount of $2,000,000, and further demands punitive against the Defendants, jointly and severally, in the amount of $5,000,000, plus the cots of this action, including attorney fees, and such other relief deemed to be just and reasonable.

**COUNT 11: STATE LAW CLAIM: NEGLIGENCE**

76. Plaintiff repeats, realleges, and incorporates by reference the allegations on paragraphs 1-75 above with the same force and effect as if herein set forth.

77. The Fayette County Sheriff and Fayette County Sheriff's Department negligently failed to train, instruct and supervise his/their agents and employees so as to prevent the events which occurred in this matter, to wit, the violent apprehension, arrest, detention, and filing of charges without probable cause.

78. Defendants Young and Neal owed a duty to Plaintiff to act according the standard of ordinary care of a police officer, to wit, to conduct a proper investigation and arrest, the failure of which was the proximate cause of Plaintiff's injuries.

79. Defendants Young, Neal, negligently and recklessly acted with cavalier disregard for the injuries and serious medical consequences which could result from their violent behavior.

80. As a result of theses breaches, which were the proximate cause of Plaintiff's physical injuries and severe emotional distress, Plaintiff suffered damages and harm.

WHREFORE, Plaintiff demands judgment against all of the Defendant jointly and severally for actual, special, and compensatory damages in the amount of $2,000,000, and further demands punitive damages against the Defendants, jointly, and severally, in the amount of $5,000,000, plus the cost of this action, including attorney fees, and such other relief deemed to be just and reasonable.

**A JURY TRIAL IS REQUESTED**

Respectfully submitted,

/s/Michael A. Davenport, (W.Va Bar # 6879)
P.O. Box 147
West Hamlin, WV 25571
Phone: (304) 824-5711
Fax: (877) 753-0567